UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY SANDERS,

                Plaintiff,

Case No. 12 CV 2906 (VLB)

-against-

**AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE
SEAN BUTLER [SHIELD# 7505], DETECTIVE
ROBERT MISTRETTA [SHIELD# 2667],
DETECTIVE LAWRENCE WHITE [SHIELD#
3650], DETECTIVE RICHARD BERRIOS
[SHIELD# 884], ADA ANDREW WEINSTEIN,
JOHN DOE and JANE DOE (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

**JURY DEMAND**

                Defendants.
------------------------------------------------------------------X

Plaintiff, Gary Sanders, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Sean Butler [Shield# 7505], Detective Robert Mistretta [Shield# 2667], Detective Lawrence White [Shield# 3650], Detective Richard Berrios [Shield# 0884], ADA Andrew Weinstein, John Doe and Jane Doe, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8. At all relevant times, defendants Detective Sean Butler [Shield# 7505], Detective Robert Mistretta [Shield# 2667], Detective Lawrence White [Shield# 3650], Detective Richard Berrios [Shield# 0884], John Doe and Jane Doe (hereinafter "police officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

9. At all relevant times, defendant ADA Andrew Weinstein, John Doe and Jane Doe (hereinafter "DA officers") were, upon information and belief, and still are agents, officers, assistant district attorneys, administrators, and/or legal assistants employed by defendant City of New York and assigned to the New York County District Attorney's office.

10. The police officers and DA officers are collectively referred to herein as "defendant officers".

11. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of

           their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

12. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

13. Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about February 29, 2012, at approximately 1:30 p.m., defendant officers, acting in concert, assaulted the plaintiff without cause at or within the vicinity of One Hogan Pl, New York, New York.

15. Prior to the assault, plaintiff and his criminal defense attorney had met with defendant officers to negotiate a plea deal.

16. After the meeting, plaintiff's criminal defense attorney departed.

17. Following the departure of plaintiff's criminal defense attorney, defendant officers began to interrogate the plaintiff concerning several alleged criminal activities within his neighborhood.

18. That the plaintiff duly advised the defendant officers that he did not wish to speak with them or answer any of their questions outside the presence of his criminal defense attorney.

19. The moment the plaintiff informed the defendant officers that he would like to have his criminal defense attorney present in order to be able to speak with them and/or answer their questions, ADA Weinstein and the DA officers instructed the police officers to use force against the plaintiff in order to intimidate and coerce the plaintiff into answering their questions.

20. Immediately thereafter, the police officers grabbed the plaintiff while he was still tightly handcuffed with his hands placed behind his back, and forcibly slammed the plaintiff down to the floor.

21. After slamming the plaintiff down to the floor, and while the plaintiff was still fully restrained, defendant officers further assaulted the plaintiff by kicking, punching, beating, stomping and hitting the plaintiff with their fists, legs and several objects.

22. That ADA Weinstein and the DA officers cheered on and encouraged the police officers in their assault of the plaintiff.

23. That the plaintiff was rendered unconscious from the assault, and was caused to sustain serious injuries on various parts of his body including but not limited to injuries to his head, eyes, face, neck, back, shoulders, arms and legs.

24. Notwithstanding the above, defendant officers did not provide the plaintiff with any medical care and/or treatment and denied the plaintiff access to medication.

25. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware that the assault was unlawful and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

26. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

27. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

28. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. The conduct of defendant officers, as described herein, amounted to excessive use of force, failure to intervene, denial of freedom of speech, first amendment retaliation, deliberate indifference, cruel and inhuman treatment, cruel and unusual punishment, racial profiling, discrimination, pattern of

        harassment, abuse of authority, conspiracy, denial of right to counsel, denial of due process rights and denial of equal protection of the laws.

30.      The defendants denied plaintiff treatment needed to remedy his serious medical condition and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

31.      Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

32.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

33.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34.      Defendant City of New York, acting through the New York Police Department, District Attorney Cyrus R. Vance, Jr. and the Office of the District Attorney of the New York County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its officers concerning use of force, permissible search of individuals, provision of medical treatment to detainees, correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

35.      Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, assaulting, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic

minority groups such as plaintiff, who is black, on the pretext that they were involved in some crime or offense.

36. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

37. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

38. Additionally, defendant City of New York has settled numerous lawsuits brought in this district against several officers concerning excessive use of force and the other charges described herein. *See, e.g., Michael Porter v. City of New York* (12 CV 3764); *Eric Klati v. City of New York* (11 CV 7041); *Marcus King v. City of New York* (11 CV 2920); *Omar Peralta v. City of New York* (11 CV 2919); *Dwayne Campbell v. City of New York* (11 CV 2917); *Nancy Smith v. City of New York* (10 CV 9331); *Francis Poku v. City of New York* (10 CV 3429); *Shamekka Crump v. City of New York* (10 CV 1152); *Valentine Moseley v. City of New York* (09 CV 6463); *Colin Bartley v. City of New York* (08 CV 10797, 09 CV 362).

39. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

40. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

particular, the right to be secure in his person and property, to be free from abuse and the use of force and the right to due process.

41. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41 inclusive, with the same force and effect as though more fully set forth at length herein.

43. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves, and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

44. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. By reason of the foregoing, and by harassing and assaulting him and depriving him of equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech),

        Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

48. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

49. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

50. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

51. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52. The conduct of defendant officers, as described herein, amounted to assault and battery.

53. By reason of and as a consequence of the assault, plaintiff was caused to sustain serious, severe, permanent and protracted injuries, so that plaintiff became sick, sore, lame and disabled, required, and still requires, medical attention and treatment, suffered injuries to his head, body and limbs, suffered internal and external injuries, some of which would be permanent, and plaintiff became disabled and is still partially restricted in his normal activities.

54. By reason of the foregoing, plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be

cured of said injuries, and plaintiff has suffered and will necessarily suffer additional loss of time and earnings from employment; and plaintiff, will be unable to pursue his usual duties with the same degree and efficiency as he was able to prior to the assault described herein.

55. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for violence and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

56. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

SIXTH CAUSE OF ACTION: OTHER NEW YORK TORTS

57. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. The conduct of the defendants, as described herein, amounted to negligence, conspiracy, special injury, defamation, abuse of process, harassment and abuse of power.

59. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: INTENTIONAL & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. The defendants engaged in extreme and outrageous conduct, intentionally, negligently and recklessly causing severe emotional distress to plaintiff.

62. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through

            deliberate and malicious actions including the assault, detention and imprisonment by defendants.

63. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 63 inclusive, with the same force and effect as though more fully set forth at length herein.

65. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

66. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

67. Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

68. Upon information and belief, defendant City of New York's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.   For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.   For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       May 24, 2013

UGO UZOH, P.C.

By:   Ugochukwu Uzoh (UU-9076)
      Attorney for the Plaintiff
      304 Livingston Street, Suite 2R
      Brooklyn, N.Y. 11217
      Tel. No: (718) 874-6045
      Fax No: (718) 576-2685

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARY SANDERS,

                                                  Plaintiff,

                  against

THE CITY OF NEW YORK, DETECTIVE SEAN BUTLER [SHIELD# 7505], DETECTIVE ROBERT MISTRETTA [SHIELD# 2667], DETECTIVE LAWRENCE WHITE [SHIELD# 3650], DETECTIVE RICHARD BERRIOS [SHIELD# 884], ADA ANDREW WEINSTEIN, JOHN DOE and JANE DOE (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                  Defendants.

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

    Service of a copy of the within is hereby admitted

           Dated:_____

           Attorney(s) For:_____

---